UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No: 10 CV 1365 |
| MICHAEL GRAF, | ) ) ) | Judge Magistrate Judge |
| Respondent. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR AN ORDER
REQUIRING COMPLIANCE WITH A SUBPOENA**

Movant, the United States Securities and Exchange Commission ("Commission"), respectfully submits this memorandum in support of its Motion for an Order Requiring Compliance with a Subpoena ("Motion").

**I.    INTRODUCTION**

The Motion seeks to enforce a testimony and document production subpoena issued and served upon Michael Graf ("Graf" or "Respondent") pursuant to an Order Directing Private Investigation and Designating Officers to Take Testimony in the investigation captioned In the Matter of Rosand Enterprises, Inc. (C-07485) (the "investigation.") Graf has been under subpoena to testify and produce documents since he received the subpoena on January 13, 2010. When the staff of the Commission (the "Staff") served Graf with the subpoena, he responded that he would not comply. When the Staff repeatedly called Graf, he refused to return the phone calls. The Staff then sent a letter to Graf explaining the nature and requirements of the subpoena. Graf responded by instructing the Staff to not contact him again. Graf did not appear for the testimony as scheduled or produce documents as required, giving rise to this present action.

The Commission has made no prior application to any court for similar relief and now seeks the aid of this Court by means of a summary proceeding. All attempts to obtain voluntary compliance with the subpoena have failed. A summary proceeding is necessary so that the Staff may complete its investigation expeditiously. As set forth below, the Commission has met all of the requirements for judicial enforcement of its subpoena and, therefore, respectfully requests the Court to enter an order compelling Graf to appear for testimony and produce documents.

## II. STATEMENT OF FACTS

### A. Michael Graf

Michael Graf is a U.S. citizen who, upon information and belief, currently resides in Palatine, Illinois. He is believed to be an accountant whose main place of business is located in Schaumburg, Illinois. The Staff has been informed that he is, or has in the past, served as the accountant for Rosand Enterprises, Inc. ("Rosand"). Rosand is a corporation formed under the laws of Illinois. Rosand's principal office is in Schaumburg, Illinois. Rosand shares office space with Graf. (Declaration of Wilburn Saylor, attached hereto as Exhibit A, ¶¶ 2, 7)

### B. The Commission's Investigation

On April 6, 2009, the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in the investigation captioned In the Matter of Rosand Enterprises, Inc. (C-07485) (the "Formal Order"). The Formal Order authorizes the Staff to investigate whether certain individuals and entities violated the registration provisions of the federal securities laws by selling, or offering to buy or sell, securities without a registration statement in effect and with no applicable exemption being available. It also authorizes the Staff to investigate whether certain individuals and entities violated the anti-fraud provisions of the securities laws by making misrepresentations or omissions of material facts or employing schemes relating to certain securities transactions. Rosand is among those entities named in the

Formal Order as possibly having violated the federal securities laws. (Saylor Decl. ¶ 3)

In the course of the Commission's investigation entitled In the Matter of <u>Rosand Enterprises, Inc.</u> (C-7485), the Staff has learned that, from at least December 2005 through April 2009, Rosand raised millions of dollars from investors for the stated purpose of constructing or rehabbing homes and then selling them for a profit. Evidence obtained by the Staff has shown that Rosand may have raised and used investor funds in violation of the registration and anti-fraud provisions of the federal securities laws. The Staff has been informed that during the relevant period Graf served as the accountant for Rosand and has determined that Graf received $28,500 from accounts that Rosand and its officers controlled. (Saylor Decl. ¶¶ 4-6.)

### C. Graf's Failure to Appear Under the Commission's Testimony Subpoenas

The Staff issued a subpoena to Graf dated January 12, 2010. (Saylor Decl. ¶ 9.) Pursuant to the Commission's Rules of Practice [17 C.F.R. §§ 201.150(c), 201.232(c), 203.8], the Staff sent the subpoena via Federal Express to Graf's business office address in Schaumburg, Illinois. The subpoena was delivered to Graf's office on January 13, 2010. (Saylor Decl. ¶ 10.) The subpoena required, in part, that Graf produce certain documents to the Staff by January 27 and to appear for testimony at the Chicago Regional Office of the U.S. Securities and Exchange Commission on February 5. (Saylor Decl. ¶ 9.)

On January 14, Graf sent a letter to the Staff. (Saylor Decl. ¶ 11.) In the letter Graf stated, "From the discussion presented in the materials I received, I note the following: (1) There does not appear to be a defined cause of action other than a 'non-public fact finding inquiry'; (2) I have become a named party in this matter yet am not a contracted party in this private arrangement; (3) I do not possess the same level of knowledge as you do in this matter; (4) My role or your interest in me is unknown to me; (5) The subpoena to produce information identifies 44 separate points or 'Documents to be Produced' each one of which predicates its directive

using the word 'All;' (6) I have received no offer of immunity from prosecution for any unintended consequences of my actions in response to your requests or, from any undertaking identified in the information and documentation I provide which may later be alleged or determined to have been illegal; (7) I do not wish to surrender any of my rights including those afforded to me under Article Five of the United States Constitution, I must, Therefore, respectfully decline your offer of contract at this time." (Saylor Decl. ¶ 11.) Graf did not mention the document production due January 27 or the testimony scheduled for February 5. Given Graf's apparent confusion about the nature and requirements of the subpoena and given that he did not appear to be represented by counsel, the Staff called Graf on January 26 at the phone number listed on the top of his January 14 letter. Graf did not answer the phone and did not return the voicemail left by the Staff. (Saylor Decl. ¶ 12.)

On January 27, the Staff sent Graf a letter explaining the nature and requirements of the subpoena and informed him that should he wish to assert any rights under the Constitution, he will have an opportunity to do so at the scheduled testimony. (Saylor Decl. ¶ 13.) On January 28, Graf responded to the staff's January 27 letter with a letter which stated only, "I decline your offer. I do not wish to contract with you. Respectfully, do not contact me again." (Saylor Decl. ¶ 15.) On February 3, the Staff called Graf again. Graf did not answer and did not return the voicemail left by the Staff. (Saylor Decl. ¶ 16.)

On February 5, the Staff proceeded with the scheduled testimony but Graf did not appear. (Saylor Decl. ¶ 17.) As of March 1, 2010, Graf has not produced any documents to the Staff. (Saylor Decl. ¶ 18.)

## III. ARGUMENT

### A. This Court May Resolve This Matter through a Summary Proceeding

This Court has jurisdiction to require compliance with the subpoena issued to Graf as part of the Commission's investigation. Section 22(b) of the Securities Act of 1933 and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act") authorizes the Commission to seek, and the federal courts to issue, an order compelling compliance with Commission subpoenas upon application by the Commission. See 15 U.S.C. §§ 77v(b), 78u(c). Furthermore, Section 21(c) of the Exchange Act provides that "the Commission may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on . . . in requiring the attendance and testimony of witnesses . . . ." 15 U.S.C. § 78u(c). Because the Commission's investigation is being carried on by the Staff of the Chicago Regional Office located in Chicago, Illinois, jurisdiction and venue properly lie within the Northern District of Illinois. Id.; see also SEC v. Smith, No. 92 C 0811, 1992 WL 67832, at *3 (N.D. Ill. Mar. 26, 1992) (finding venue appropriate based on similar language in the Investment Advisers Act of 1940).

Furthermore, the Commission may seek an order requiring compliance upon application because subpoena enforcement proceedings are generally summary in nature. See SEC v. Sprecher, 594 F.2d 317, 320 (2d Cir. 1979); see also EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987) (subpoena enforcement proceedings "are designed to be summary in nature"); United States v. McDonnell Douglas Corp., 751 F.2d 220, 229 (8th Cir. 1984). "Questions concerning agency subpoenas should be promptly determined so that subpoenas, if valid, may be speedily enforced." SEC v. First Security Bank, 447 F.2d 166, 168 (10th Cir. 1971) (citing United States v. Davey, 426 F.2d 842, 845 (2d Cir. 1970).

### B. The Commission Meets the Requirements for Enforcement of the Subpoena

A district court is bound to enforce an administrative subpoena if the information sought "is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." United States v. Morton Salt Co., 338 U.S. 632, 652 (1950). See also CFTC v. Tokheim, 153 F.3d 474, 477 (7th Cir. 1998) (citing EEOC v. Quad/Graphics, Inc., 63 F.3d 642, 644-45 (7th Cir. 1995)). It is the burden of the opposing party to establish that the subpoena is unreasonable. See SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 515 (10th Cir. 1980); SEC v. Brigadoon Scotch Distrib. Co., 480 F.2d 1047, 1056 (2d Cir. 1973). That burden, however, is "not easily met" when the SEC's inquiry is legally authorized and the information is relevant to the inquiry. Brigadoon Scotch, 480 F.2d at 1056. Here, because the Commission has met the criteria and Graf cannot show unreasonableness, the Court should enforce the subpoena.

#### 1. The Commission Has Authority to Conduct the Investigation.

Congress has authorized the Commission to conduct investigations in its discretion to determine whether any person has violated, is violating, or is about to violate the provisions of the federal securities laws. See 15 U.S.C. §§ 77t(a), 78u(a)(1). Additionally, the Commission is authorized to subpoena witnesses and require the production of documents that the Commission deems to be relevant to the investigation. See 15 U.S.C. §§ 77s(c), 78u(b). Thus, Congress has endowed the Commission with broad investigatory powers. See SEC v. Arthur Young & Co., 584 F.2d 1018, 1023 (D.C. Cir. 1978); see also Tokheim, 153 F.3d at 477 (quoting Morton Salt Co., 338 U.S. at 642-43) (stating that the Commission can "'investigate merely on suspicion that the law is being violated, or even just because it wants assurance that is not'").

Pursuant to the statutes cited above, the Commission issued a Formal Order to conduct the investigation captioned Rosand Enterprises, Inc. (C-07485). The Formal Order states that the

investigation's purpose is to determine, among other things, whether Rosand and others violated the registration and anti-fraud provisions of the federal securities laws. The subpoena served upon Graf was issued pursuant to that Formal Order and, therefore, is consistent with the Commission's administrative procedures. See Blackfoot Bituminous, 622 F.2d at 514.

### 2. The Information Sought Is Not Indefinite and Is Relevant.

The information that the Staff seeks to obtain from Graf through testimony is not indefinite and is relevant to the Commission's investigation. The Commission is only required to make a minimal showing of relevance. As long as the evidence sought is not plainly irrelevant to any lawful purpose, the subpoena should be enforced. Arthur Young, 584 F.2d at 1029 (citing Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509 (1943)). The Staff intends to question Graf on the following matters, among others, during his testimony: (1) why he received $28,500 from accounts that Rosand and its officers controlled, (2) work he performed as an accountant for Rosand and entities affiliated with Rosand, (3) financial documents that he has, or had, under his control pertaining to Rosand and entities affiliated with Rosand, (4) his communications with Rosand's officers, employees, and others about Rosand and entities affiliated with Rosand, and (5) Rosand's efforts to raise funds from investors. The Staff needs all documents in Graf's possession regarding, among other things, (1) Rosand's raising of money from investors, (2) Rosand's use of investor funds, and (3) Graf's communications with Rosand's officers regarding Rosand's business. The information sought goes to the heart of whether Rosand and others violated the registration and anti-fraud provisions of the securities laws. The Staff believes that obtaining Graf's testimony on the subjects detailed above is important because, among other things, he appears to have firsthand knowledge of Rosand's finances.

3. <u>The Subpoena Is Not Unreasonable.</u>

"Before the courts will hold an order seeking information reports to be arbitrarily excessive, they may expect the supplicant to have made reasonable efforts before the Commission itself to obtain reasonable conditions." <u>Blackfoot Bituminous</u>, 622 F.2d at 515. q*uoting* <u>United States v. Morton Salt Co.</u>, 338 U.S. 632, 653 (1950).

The Staff's subpoena and its efforts to have Graf comply with the subpoena have been reasonable. The scheduled date of the testimony was more than two weeks after Graf received the subpoena. Graf had ample time to either comply with the subpoena, contact the Staff to make alternative arrangements, or to hire an attorney to assist him. The Staff has repeatedly attempted to contact Graf to discuss the subpoena. The Staff called Graf on multiple occasions and sent him a letter explaining the nature and requirements of the subpoena. Sensitive to the fact that Graf was not represented by counsel, the Staff's letter informed Graf that he would have the opportunity to assert his rights under the Constitution at the testimony should he choose to invoke such rights.

The Staff, in issuing the testimony and documentary subpoena to Graf, acted reasonably so that compliance would not cause him any undue burden. Because Graf has made no effort to obtain what he believes to be reasonable conditions from the Commission or Staff, and the conditions themselves are in fact reasonable. Graf has no grounds to not testify or produce documents based on a claim of unreasonableness. It is clear that Graf has chosen not to comply with the Staff's subpoena and as a result, the Staff has no other remedy then the judicial enforcement of the subpoena.

C. **Graf Has No Legitimate Basis for Refusing to Comply with the Subpoena**

Based on his letters, Graf appears to believe that the Staff's subpoena is an "offer of contract," and that he may decline this offer. In his January 14, letter Graf listed a series of points

that put forth no legitimate basis for him to not have his testimony taken.[1] Graf has stated no legitimate reason that would allow him to not appear for testimony or produce documents.

## IV. CONCLUSION

For the foregoing reasons, the Commission respectfully requests that this Court enter an Order compelling Michael Graf to appear for testimony and to produce the requested documents, and granting such further additional relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Steven Klawans

Steven Klawans, ARDC # 6229593
Justin Delfino, ARDC # 6296203
John Birkenheier, ARDC # 6270993
Attorneys for Plaintiff
Securities and Exchange Commission
175 West Jackson, Suite 900
Chicago, IL 60604

Dated: March 1, 2010
(312) 353-7390

---

[1] Graf possibly alluded to his Fifth Amendment right against self incrimination in his January 14 letter. An individual cannot assert a blanket privilege. Instead, he or she must appear for testimony and assert the privilege as to specific questions. Roach v. National Transp. Safety Bd., 804 F.2d 1147, 1151-52 (10th Cir. 1986); National Life Ins. Co. v. Hartford Accident & Indem. Co., 615 F.2d 595, 598-99 (3rd Cir. 1980); United States v. Malnik, 489 F.2d 682, 685 (5th Cir. 1974). This was communicated to Graf in the Staff's January 27 letter.