UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Movant, ) ) v. ) ) MICHAEL GRAF, ) ) ) Respondent. ) | Case No: 10 CV 1365 Judge Robert M. Dow, Jr. Magistrate Judge Michael T. Mason |

**THE SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR A RULE TO SHOW CAUSE AS TO WHY
RESPONDENT SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Movant, the United States Securities and Exchange Commission ("Commission"), for its motion for a rule to show cause against Michael Graf ("Graf" or "Respondent"), states as follows:

I. **Facts**

On January 12, 2010, the staff of the Commission ("Staff") served Graf with a lawfully issued subpoena in a non-public law enforcement investigation entitled In the Matter of Rosand Enterprises, Inc. (Declaration of Wilburn Saylor, attached hereto as Exhibit A, ¶¶ 3, 9, 10). The Staff was authorized to issue the subpoena pursuant to the Commission's issuance of an Order Directing Private Investigation and Designating Officers to Take Testimony. (Saylor Decl. ¶ 3). The investigation's purpose is to determine whether there have been violations of the registration and anti-fraud provisions of the federal securities laws. (Saylor Decl. ¶ 3). During its investigation, the Staff was informed that Graf served as Rosand's accountant and determined that Graf has received at least $28,500 from accounts controlled by Rosand and its officers.

(Saylor Decl. ¶ 6, 7, 8). To develop information relevant to its investigation, the Staff issued a subpoena to Graf requiring him to produce documents and to testify before Staff. (Saylor Decl. ¶ 9). The subpoena was properly served him on Graf. (Saylor Decl. ¶ 10). Graf did not appear for the scheduled testimony as required by the subpoena. (Saylor Decl. ¶ 17). Graf did not produce documents to the Staff. (Saylor Decl. ¶ 32). Instead, Graf wrote one letter to the Staff stating that he would not appear or produce documents and another stating, "I decline your offer. I do not wish to contract with you. Respectfully, do not contact me again." (Saylor Decl. ¶ 11, 15).

On March 1, 2010, the Commission filed its Motion for an Order Requiring Compliance with Subpoena Issued by the Securities and Exchange Commission. (Saylor Decl. ¶ 18). Graf was served with the motion and all the related documents. (Saylor Decl. ¶ 19, 20). Graf sent back to the Staff the court documents that were served on him and on each page of the court documents he printed "NO CONTRACT RETURN TO SENDER." (Saylor Decl. ¶ 27). On March 15, 2010, this Court entered an Order ("Order") requiring Graf to produce the documents on March 22, 2010 and to testify before the Staff on March 23, 2010. (Docket #15). On March 17, 2010, Graf was served with the Court's Order via Federal Express. (Saylor Decl. ¶ 30). Following receipt of the Order, Graf did not produce any documents and did not appear for the scheduled testimony. (Saylor Decl. ¶ 31, 33).

## II. <u>Legal Standard and Analysis</u>

Civil contempt proceedings are authorized by 18 U.S.C. § 401(3) which states, in pertinent part, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." The purpose of a civil contempt proceeding is wholly remedial and is intended to either coerce

compliance with a prior court order or compensate for losses suffered as a result of noncompliance with that order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *CFTC v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981). Attorney's fees may be awarded in contempt proceedings at the court's discretion. *Id.* at 785.

In a civil contempt proceeding, the moving party must prove, by clear and convincing evidence, that the respondent has violated the court's order. *McComb*, 336 U.S. at 191; *Goluba v. School Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995). To make a prima facie showing of contempt the Movant need only prove that the Respondent has failed to comply with a valid court order. *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005); *US v. Berg*, 20 F.3d 304, 310 (7th Cir. 1994). A district court does not have to find that the violation was "willful" or intentional. *McComb*, 336 U.S. at 191; *CFTC v. Premex, Inc.*, 655 F.2d 779, 785 n. 11 (7th Cir. 1981) ("the fact that a prohibited act is done inadvertently does not preclude a civil contempt citation"). In civil contempt proceedings, intent is not an issue, but rather, the question is whether a party has complied with the court's order. *In re General Motors Corp.*, 61 F. 3d 256, 258 (4th Cir. 1995); *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983), *cert. denied*, 464 U.S. 1040 (1984).

Once a prima facie case has been shown by the moving party, the burden shifts to the respondent to come forward with evidence showing categorically and in detail why he was unable to comply with court orders. *U.S. v. Rylander*, 460 U.S. 752, 755, 757 (1983) *reh. denied*, 462 U.S. 1112 (1983); *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Further, if the respondent is responsible for an inability to comply, such a defense is unavailable. *U.S. v. Bryan*, 339 U.S. 323, 330-32 (1950); *U.S. v. Seetapun*, 750 F.2d

601, 605 (7th Cir. 1984). Even the presence of good faith on the part of a defendant does not constitute a defense. *Donovan*, 716 F.2d at 1240.

Here, the Court's Order expressly required Graf to produce documents on March 22, 2010 and testify before the Staff on March 23, 2010. Graf did not produce the documents and did not appear for the scheduled testimony. Graf did not contact the Staff to discuss his compliance with the Court's Order. The Commission has shown by clearing and convincing evidence that Graf received the Court's Order and then willfully disregarded it. Graf has no defenses as to why he was unable to comply with the Order.

Graf violated the Court's Order by not appearing to testify and not producing the required documents. As a remedy, the SEC requests that Graf be found in contempt of Court and be incarcerated until such time that he purges himself of the Court's contempt.

### III. Conclusion

**WHEREFORE**, the United States Securities and Exchange Commission respectfully requests that this Court:

a) Grant the Commission's Motion and enter an order requiring Graf to show cause as to why he should not be held in contempt of Court;

b) Find that Graf is in contempt of this Court's Order of March 12, 2010;

c) Order that Graf be incarcerated by the United States Marshall service until such time as he purges himself of the Court's contempt by:

1. Testifying before the Staff of the United States Securities and Exchange Commission at a time and place of their designations;

2. Producing to the Staff of the United States Securities and Exchange Commission all documents responsive to the January 12, 2010 subpoena;

d) For such other and further relief as this Court deems appropriate and just.

                         Respectfully submitted,

                         */s/ Justin Delfino*
                         Justin Delfino, ARDC # 6296203
                         Steven Klawans, ARDC # 6229593
                         John Birkenheier, ARDC # 6270993
                         Attorneys for Plaintiff
                         Securities and Exchange Commission
                         175 West Jackson, Suite 900
                         Chicago, IL 60604

Dated: March 29, 2010           (312) 353-7390